**UNITED STATES of America, Appellee,**

v.

**Noel HERNANDEZ, Defendant–Appellant.**

**No. 1319, Docket 92–1326.**

United States Court of Appeals, Second Circuit.

Argued May 6, 1993.

Decided Sept. 22, 1993.

Ira S. Cooper, New York City (Neil Rothfeld, Zerin & Cooper, of counsel), for appellant.

Eric D. Bernstein, Asst. U.S. Atty., E.D.N.Y., Brooklyn, NY (Mary Jo White, U.S. Atty., Susan Corkery, Asst. U.S. Atty., E.D.N.Y., of counsel), for appellee.

Before: MESKILL, PIERCE and WALKER, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from a judgment of conviction entered on June 8, 1992, after a jury trial, in the United States District Court for the Eastern District of New York, Dearie, *J.*, convicting Noel Hernandez of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 and knowing and intentional possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We affirm in part and dismiss in part.

Hernandez raises two main arguments on appeal. First, he contends that the district court's denial of his motion to suppress the cocaine seized after he consented to a search of the vehicle that he was driving was clearly erroneous. He argues that, based on the totality of all the circumstances, the consent he gave to Drug Enforcement Administration (DEA) agents to search the car was not voluntary. Second, he argues that he received ineffective assistance of counsel. He claims that his trial counsel's performance was so deficient that it fell below the standard of reasonableness. Hernandez contends that he was prejudiced by this ineffective assistance rendered by his trial counsel and that there is a reasonable probability that, but for such ineffective representation, the result of his trial would have been different.

We affirm the district court's denial of Hernandez's suppression motion. We dismiss his claim of ineffective assistance of trial counsel. Hernandez raised his ineffective assistance of counsel claim in a motion pursuant to 28 U.S.C. § 2255. Because Hernandez never appealed the district court's denial of his section 2255 motion, we lack appellate jurisdiction to review the district court's decision. We also will not consider Hernandez's claim of ineffective assistance of counsel as part of his direct appeal. We hold that Hernandez has waived this claim because the only time he raised it before the district court was in a proceeding from which he took no appeal.

## BACKGROUND

The uncontroverted testimony at trial and at the suppression hearing establishes the following facts.

On December 17, 1990, DEA agents followed a car in the borough of Queens, New York City, that was being driven in a suspicious manner. Appellant Hernandez was driving the car and Walter Cerpa was riding in the front passenger seat. After Hernandez made a phone call from a public telephone, Hernandez drove for approximately fifteen minutes circling city blocks before stopping five blocks from where he got into the car. Hernandez then stopped to pick up a third person, Luis Sierra. Hernandez drove around in circles for another fifteen minutes, eventually parking in a darkened section of a parking lot that was about two blocks from where Sierra had entered the vehicle. A few minutes later, Sierra exited

the car and walked approximately one block to his apartment.

Hernandez then drove from Queens to Brooklyn. The agents followed Hernandez to Brooklyn where, using their flashing lights and siren, they stopped the car. Agent Levine testified at trial that just before Hernandez stopped his car he, Levine, observed Cerpa lean forward and make a motion that looked like he was placing an object under the seat.

After stopping Hernandez's vehicle, four DEA agents exited two DEA cars. Agent Levine and one other agent approached the driver's side and the two other agents approached the passenger side. Agent Levine testified that his gun was out of the holster but down at his side. After announcing that they were police officers and yelling to Hernandez and Cerpa to put their hands where they could be seen, Agent Levine told Hernandez and Cerpa to step out of the car. As soon as the men complied, he reholstered his gun. The agents informed the two men that they were conducting a drug investigation. When Agent Levine asked Hernandez where he had been driving, Hernandez replied that he was going to his mother's house down the street and that he had been driving in Brooklyn. Agent Levine then asked Hernandez if he had been in Queens at all that evening. Hernandez replied that he had not. When the agents told Hernandez that they had followed him from Queens, Hernandez admitted that he had been there. Agent Levine asked Hernandez if he could search the car for guns and drugs. Hernandez replied: "[N]o problem, go ahead and search the car." The agents found approximately 500 grams of cocaine under the front passenger seat.

On January 16, 1991, Hernandez and Cerpa were indicted together on charges of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute in violation of 21 U.S.C. § 841. Hernandez's counsel moved to suppress the cocaine seized from the car on the grounds that the agents did not lawfully stop the car and that they did not have Hernandez's voluntary consent

to search the car. His counsel also moved to suppress the statements Hernandez made to the agents when the car was first stopped, on the ground that the statements were custodial in nature and were not preceded by *Miranda* warnings. The district court held a hearing on the motions on February 22, 1991. The court denied the suppression motions prior to trial. The court granted a motion by Hernandez's counsel for a severance from co-defendant Cerpa; Cerpa was subsequently tried and acquitted.

Hernandez was tried before a jury and was convicted. He relieved his trial counsel and obtained new counsel, Ira Cooper. On June 5, 1992, Hernandez was sentenced to fifty-one months in prison. On the same day, Hernandez timely filed a notice of appeal from the judgment of conviction. Also on the same day, Hernandez filed a motion in the district court pursuant to 28 U.S.C. § 2255 "to vacate, set aside, or correct sentence by a person in federal custody" on the ground that he received ineffective assistance from his trial counsel. Principally, Hernandez claimed that his trial counsel had failed to confer adequately with him or to investigate properly and also had failed to call defense witnesses, including Hernandez himself, to testify on his behalf.

On June 24, 1992, Hernandez made a motion to our Court asking us "[t]o stay [his] appeal until [his] 2255 Motion [wa]s decided by Judge Dearie, or [to] allow withdrawal of [his] appeal without prejudice to reinstate[ment] by written notice to [the] Clerk of Court within ten (10) days of [the] District Court's decision as to [the] 2255 Motion." He argued that allowing the relief requested would avoid the duplicative efforts of defense counsel, the prosecutor and the Court. In an accompanying affidavit, Attorney Cooper indicated that he had not been retained by Hernandez until more than ten days after his conviction and, therefore, had been unable to move for a new trial on Hernandez's behalf prior to sentencing.[1] Attorney Cooper argued that if the section 2255 motion was granted, a new trial would follow thus eliminating the need for the appeal. If the sec-

---

**1.** A motion for a new trial based on a claim of ineffective assistance of counsel usually must be made within seven days after the verdict. *See* Fed.R.Crim.P. 33.

tion 2255 motion was denied, he contended, "that denial [could] be incorporated into the Appeal." Attorney Cooper urged us to grant the stay of Hernandez's appeal or the withdrawal without prejudice contending that if we did so he would be able to develop the record and consolidate the appeal on all the relevant issues.

On July 9, 1992, we granted Hernandez's motion "to the extent that the appeal [was] withdrawn without prejudice to reinstatement by written notice to the Clerk of the Court within 10 days of the District Court's decision on the § 2255 motion." By Memorandum and Order dated November 23, 1992, Judge Dearie denied Hernandez's section 2255 motion. He concluded: "Trial counsel knew what he was doing. The result was just; virtually no possibility exists that the outcome would have been different were [Hernandez] at liberty to rewrite the script." A judgment dated December 2, 1992 was entered denying Hernandez's section 2255 motion.

By letter dated December 14, 1992, Hernandez asked us to reinstate his direct appeal. He enclosed with his letter a copy of Judge Dearie's order denying Hernandez's section 2255 motion. Hernandez, however, never filed a notice of appeal from that order.

## DISCUSSION

### I. Appellate Jurisdiction

We first address the question of our jurisdiction to hear this appeal. We conclude that we have jurisdiction to consider Hernan-

dez's claim that the district court improperly denied his suppression motion. Hernandez timely filed his notice of appeal for his direct appeal. We granted his motion for withdrawal of his direct appeal without prejudice, and he complied with our instructions for reinstatement of his appeal.[2] Therefore, the suppression issue is properly before us.

■ Our jurisdiction to hear Hernandez's claim of ineffective assistance of trial counsel is considerably more problematic. Hernandez presented his ineffective assistance argument to the district court in a section 2255 motion which the district court denied by memorandum and order.[3] Hernandez, however, has never appealed this order. Although the government did not mention this fact or challenge our jurisdiction to consider this issue, we must consider it *sua sponte*. See, e.g., In re Lomas Financial Corp., 932 F.2d 147, 150 (2d Cir.1991); In re Chateaugay Corp., 922 F.2d 86, 89 (2d Cir.1990).

At oral argument, we asked both sides whether Hernandez had filed a notice of appeal from the district court's denial of his section 2255 motion and whether, if he had not, we would have appellate jurisdiction to consider Hernandez's ineffective assistance of counsel claim. We requested and have received letter briefs responding to our inquiries.

The government argues that because Hernandez never filed a notice of appeal from the denial of his section 2255 motion, we lack jurisdiction to hear his ineffective assistance of counsel claim. Hernandez contends in

---

**2.** We instructed Hernandez to notify the Clerk of our Court within ten days of the district court's decision on his § 2255 motion. We note that, although the district court's judgment was dated December 2, 1992, we did not receive the request for reinstatement from Attorney Cooper until December 14, 1992. This request, therefore, was untimely unless we exclude intermediate Saturdays and Sundays in computing the ten day period. Although Rule 45 of the Federal Rules of Criminal Procedure allows for the exclusion of intermediate Saturdays and Sundays when computing a period of time less than eleven days, Rule 26 of the Federal Rules of Appellate Procedure allows for the exclusion of intermediate Saturdays and Sundays only for periods of time less than seven days. Nevertheless, we choose to give Hernandez the benefit of the doubt because the docket sheet does not indicate the date the

district court entered the judgment denying § 2255 relief. Therefore, we will consider his request for reinstatement to be timely.

**3.** After Judge Dearie issued a Memorandum and Order dated November 23, 1992 denying Hernandez's § 2255 motion, a judgment dated December 2, 1992 was entered. It should not have been. See Williams v. United States, 984 F.2d 28, 29 (2d Cir.1993). In Williams, we concluded that an order denying relief under § 2255 is not subject to Rule 58 of the Federal Rules of Civil Procedure, and that no judgment should be entered on such an order. Id. at 29. In fairness to the district court, we note that our opinion in Williams was issued on January 15, 1993, which was after the judgment was entered in this case.

essence that we should construe his notice requesting reinstatement of his direct appeal sent to the Clerk of our Court as a notice of appeal of the district court's order denying his section 2255 motion. He argues in his letter brief:

It is evident that Appellant intended, by its notice, to appeal from the denial of the 2255 motion. Appellant included with the notice a copy of the decision by the district court denying the 2255 motion although not required to do so by this Court's Order dated July 9, 1992.

. . . .

At all times, Appellant has proceeded in good faith and with diligence in this appeal. The irregularity of not filing a second notice of appeal from the denial of the 2255 motion with the district court clerk does not bar this Court's consideration of the issues raised in the 2255 motion. The United States has not been prejudiced or misled in any way.

Although we do not question appellant's good faith, we disagree with his conclusion that we can hear his ineffective assistance of trial counsel claim.

In *Williams v. United States*, 984 F.2d 28 (2d Cir.1993), we concluded recently that because a notice of appeal from a denial of a section 2255 motion was untimely we lacked appellate jurisdiction. *Id.* at 31. We cited as support a civil case, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). In *Griggs*, the Supreme Court addressed a situation where the appellant had filed a notice of appeal of a judgment while a motion to alter or amend that judgment was still pending. The Court ruled that the notice of appeal was a nullity and stated, "it is as if no notice of appeal were filed at all. *And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act.* It is well settled that the requirement of a timely notice of appeal is ' "mandatory and jurisdictional." ' " *Id.* at 61, 103 S.Ct. at 403 (quoting *Browder v. Director, Illinois Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978)) (emphasis added) (footnote omitted). It is clear, therefore, that because Hernandez never filed a notice of appeal from the district court's order denying his request for section 2255 relief, we lack jurisdiction to review the district court's decision denying that relief.

The question arises whether we should nevertheless consider Hernandez's ineffective assistance of counsel claim as part of his direct appeal, over which we do have jurisdiction. We hold that we should not. Hernandez had the opportunity to have us review the district court's denial of his petition for section 2255 relief but, by failing to appeal, he waived it. He cannot circumvent this failure by asking us now to consider on this direct appeal the claim of ineffective assistance of counsel, a claim he pressed in the district court only in the 2255 proceeding, a proceeding from which he did not appeal.

Because this case presents an unusual procedural situation, we pause to clarify the steps Hernandez should have taken to secure review of his ineffective assistance claim once we granted his June 24, 1992 motion and his 28 U.S.C. § 2255 motion had been decided. First, Hernandez should have filed timely a notice of appeal from the district court's denial of his section 2255 motion. Second, in compliance with our earlier order, Hernandez should have asked, as he did, the Clerk of our Court to reinstate his direct appeal. After taking both of these steps, Hernandez should have submitted a motion to us requesting that we consolidate his direct appeal and his appeal from the denial of section 2255 relief.

## II. *Consent to Search*

We now consider Hernandez's contention that the district court erred in denying his motion to suppress. Hernandez argues specifically that the cocaine recovered from his car should have been suppressed because his consent to the search was involuntary. We "will not overturn a district court's finding that a defendant voluntarily consented to a search, unless the finding was clearly erroneous." *United States v. Zapata–Tamallo*, 833 F.2d 25, 27 (2d Cir.1987). To determine whether consent to a search was valid, a court must look at the "totality of the circumstances" to determine that it was voluntarily given. *United States v.*

*Davis,* 967 F.2d 84, 86 (2d Cir.) (quoting *Schneckloth v. Bustamonte,* 412 U.S. 218, 248–49, 93 S.Ct. 2041, 2058–59, 36 L.Ed.2d 854 (1973)), *cert. denied sub nom. Content v. United States,* —— U.S. ——, 113 S.Ct. 356, 121 L.Ed.2d 270 (1992). In reviewing the district court's denial of Hernandez's motion to suppress, we view the evidence in the light most favorable to the government. *United States v. Villegas,* 928 F.2d 512, 517 (2d Cir.), *cert. denied sub nom. Gonzalez v. United States,* —— U.S. ——, 112 S.Ct. 137, 116 L.Ed.2d 104 (1991).

Although the district court did not issue a memorandum decision, after reviewing the record, including the district judge's statements at the suppression hearing, we conclude that the record fully supports the district court's denial of Hernandez's suppression motion.

The district court held a suppression hearing at which DEA Agent Levine was the only witness. Agent Levine described in detail the events that took place the evening Hernandez was arrested. At the end of the hearing, the district judge adopted the testimony of Agent Levine as his factual findings. Judge Dearie stated: "Findings are very simple. Mr. Levine, I thought, was a very credible ... witness.... So we have a state of facts that he has described."

According to Agent Levine's testimony, Hernandez had not been placed under arrest at the time Levine asked for consent to search the vehicle Hernandez was driving. The DEA agents did not prolong pre-search questioning and Hernandez was not threatened by any further action if he denied his consent. Furthermore, Agent Levine testified that when he asked Hernandez if he could search his car for guns and drugs Hernandez replied: "[N]o problem, go ahead and search the car." We can find no evidence in the record that Hernandez was impaired at the time he assented to the search, nor is there any indication that his background or education tainted his consent.

The district judge was entitled to believe Agent Levine's version of the incident. *See, e.g., Davis,* 967 F.2d at 86 (stating that "the trial court is in a unique position to evaluate witnesses' credibility"); *Villegas,* 928 F.2d at 517 (stating that the clearly erroneous standard of review applies when a district court's findings are grounded on an assessment of credibility). We have considered Hernandez's other contentions and conclude that they are without merit. After looking at the "totality of the circumstances," we hold that Judge Dearie's conclusion that Hernandez voluntarily consented to a search of his car was not clearly erroneous.

## CONCLUSION

We affirm the district court's denial of Hernandez's suppression motion. We dismiss Hernandez's ineffective assistance of counsel claim.