**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mary ISONG, Defendant–Appellant.**

No. 96–6362.

United States Court of Appeals,
Sixth Circuit.

April 15, 1997.

Hilliard H. Hester (argued and briefed), Asst. U.S. Attorney, Office of the U.S. Attorney, Nashville, TN, for Plaintiff–Appellee.

Mariah A. Wooten (argued and briefed), Federal Public Defender's Office, Nashville, TN, for Defendant–Appellant.

Before: KEITH, MERRITT, and COLE, Circuit Judges.

MERRITT, Circuit Judge.

The defendant, Mary Isong, an illegal alien from Nigeria, pleaded guilty to one count of falsely representing herself to be a U.S. Citizen when seeking employment, in violation of 18 U.S.C. § 911. She also pleaded guilty to one count of bail jumping in violation of 18 U.S.C. § 3146. Isong remained a fugitive in the United States for some three years before she finally gave herself up in California in March 1996.

On appeal she contests her *consecutive* (rather than concurrent) sentences imposed by Judge Wiseman of six months imprisonment on the misrepresentation-of-citizenship count and another six months imprisonment on the bail jumping count. The bail jumping statute provides that "a term of imprisonment" for bail jumping "shall be consecutive to the sentence of imprisonment for any other offense," 18 U.S.C. § 3146(b)(2).

The defendant has now fully served both sentences of six months each, and so the issue of the length of her consecutive sentences is moot.

 The defendant raises an additional point about the sentence imposed. At the end of the sentencing hearing, at the request of Assistant United States Attorney Hester, the court imposed as a part of its order on supervised release the condition that the defendant remain under supervised release for three years not including any period of time that she is not in the country if she is deported. In other words, the District Court provided that the period of supervised release should be tolled while the defendant is out of the country and not reporting or in contact with a U.S. probation and parole officer. Under this supervised release sentence, she would continue to be under supervised release if she should return to this country and report to a parole officer until she has been under supervision for a total of three years in the U.S.

We do not agree with defendant that this tolling condition is illegal or outside the sentencing authority of the district courts, although it may be unwise in view of the difficulty of administration. Section 3583(d), title 18, governing the "conditions of supervised release," provides expressly for conditions respecting deportation of aliens and such "other conditions [the District Court] considers to be appropriate." Traditionally, district courts have exercised broad powers in attaching conditions of probation and parole. The deportation condition here may be difficult to enforce years later or may be unnecessary if after many years of exemplary behavior in a foreign country the defendant should return. But these events can be considered at a later time if they should occur.

Accordingly, the judgment of the district court respecting the conditions of supervised release is affirmed. The consecutive sentences described above are left undisturbed because they have now been fully served and there are no collateral consequences flowing from these two sentences that require that they now be vacated or altered.