**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Derrick Eugene MEANS, Defendant–**
**Appellant.**

No. 94–6218.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 18, 1997.

Decided Jan. 9, 1998.

Cam Towers Jones (argued and briefed), Asst. U.S. Attorney, Office of the U.S. Attorney, Memphis, TN, for Plaintiff–Appellee.

Derrick Eugene Means, Turney Center Industrial Prison, Only, TN, pro se.

Paula Skahan (argued and briefed), Thompson & Skahan, Memphis, TN, for Defendant–Appellant.

Before: RYAN, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

## OPINION

RYAN, Circuit Judge.

We are required to decide whether the procedural posture of this appeal is such that the case is properly before us for review. We hold that it is not and therefore we will dismiss the appeal.

The defendant, Derrick Eugene Means, was convicted following a jury trial of one count of falsely representing his Social Security number with the intent to deceive, in violation of 42 U.S.C. § 408(a)(7)(B), as well as one count of failure to appear before the district court as required by the conditions of his release on bond, in violation of 18 U.S.C. § 3146(a)(1). The procedural difficulties in this case began when, after filing a notice of appeal from the judgment of conviction, but before the appeal was heard, Means filed a motion in the district court under 28 U.S.C. § 2255, alleging that he had received constitutionally ineffective assistance of counsel at his trial. He requested of this court, and was granted, a stay of his direct appeal pending resolution of his section 2255 motion. Following an adverse judgment by the district court in the section 2255 proceeding, Means proceeded with this, his direct appeal. He presents two arguments: (1) that the district court erred in allowing him to be prosecuted for falsely using a Social Security number when his purpose in doing so was simply to conceal his identity from state law-enforcement officials; and (2) that the district court erred, in the section 2255 proceeding, in concluding that he was not unconstitutionally denied effective assistance of counsel.

Because the first issue was never raised in the district court, we will decline to address it, and will therefore affirm the judgment of conviction. As to the second issue, Means's failure to file a notice of appeal from the order denying relief in the section 2255 proceeding is a jurisdictional defect precluding this court's review of that order, and we will therefore dismiss this aspect of the appeal.

### I.

Means was scheduled to appear in federal court in the Western District of Tennessee on May 27, 1993, to answer to an indictment charging him with credit-card fraud, in violation of 18 U.S.C. § 1029(a)(2). This was the defendant's second scheduled appearance, as he initially appeared on April 7, 1993, pursuant to a writ *ad prosequendam*. This time, however, he failed to appear, being instead in

a Shelby County, Tennessee jail on unrelated charges and then, later that same day, on his way to a Desoto County, Mississippi jail. At the May 27 hearing, his then-attorney informed the court that Means had told him that he had been in a car accident and received injuries to his left knee and foot, and would therefore be unable to appear. Questioning the veracity of the defendant's tale, the court instructed the government to investigate the story; the court stated its intention, if the story proved to be untrue, of issuing a bench warrant for Means's arrest. As we now know, the district court's instincts were correct, and the story was not true; further, Means does not contest that he could have been transported to the federal court had he informed the court of his actual location and circumstances.

A month or so after his failure to appear, Means was in a Sears department store, where he was arrested on unspecified charges. He told authorities that his name was either Darryl or Darrell Stevenson. He also told authorities that his Social Security number was 414–60–7081. This was untrue; his actual Social Security number is 414–17–5170.

Means was indicted shortly thereafter and charged with one count of failure to appear on or about May 27, 1993, in violation of 18 U.S.C. § 3146(a)(1), and one count of falsely representing his Social Security number with the intent to deceive on or about July 5, 1993, in violation of 42 U.S.C. § 408(a)(7)(B). Attorney Thomas Vornberger was appointed by the court to represent Means. A two-day trial was held in mid-February 1994, and the jury returned a guilty verdict on both counts.

At sentencing, where he was represented by a new attorney, Means received a sentence of six months on the failure-to-appear charge and 40 months on the Social Security fraud charge, to run consecutively. The sentencing hearing was held on August 19, 1994, at which time the district court pronounced oral judgment; a written judgment followed on September 6, 1994. Means filed a notice of appeal from the oral judgment, on August 26, 1994.

Then, on January 13, 1995, Means filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that he had received ineffective assistance of counsel from attorney Vornberger in connection with the failure-to-appear and Social Security fraud convictions. At the same time he filed his section 2255 motion, however, Means filed a motion in *this* court seeking to stay his direct appeal pending disposition in the district court. The motion to stay was initially denied by this court in January 1995. In February, however, the defendant filed a motion to reconsider, which motion was treated by this court as a renewed motion for stay of appeal and was granted, conditioned upon defense counsel's filing a status report every 30 days.

The government filed a motion seeking to have the section 2255 motion dismissed on the ground that Means was in state custody at the time he filed it. Rather than address the jurisdictional issue raised in the government's motion to dismiss, the magistrate judge addressed Means's ineffective assistance of counsel argument on the merits. After a detailed discussion of each of Means's arguments—and after making an explicit determination that Means's testimony was not credible in several important respects—the magistrate judge concluded that Means had been adequately represented, opining that "[t]he fact that the[ ] [jury] did not [acquit] speaks to the strength of the evidence against defendant and the energy and ability of the prosecutor, rather than to the inadequacy of Mr. Vornberger's trial efforts." Means filed timely objections to the magistrate judge's report and recommendation, but on November 12, 1996, the district court entered a final order denying relief to Means.

As Means's appellate counsel acknowledged during oral argument before this court, no notice of appeal was ever filed by Means following the entry of the district court's order. Counsel did, however, file a status report with this court ten days after the judgment in the section 2255 proceeding was entered, which read as follows:

Comes now your Appellant, Derrick Eugene Means, and states for the Appellate record that he has now received and reviewed the District Court's ruling on the Objections filed to the Magistrate Judge's

findings. Your Appellant is now in a position to write his brief appealing the judgment of the District Court.

And on March 14, 1997, more than four months after the district court's final order in the section 2255 case, the defendant filed a motion in the district court for consolidation of his two district court cases—that is, his initial criminal case and his subsequent section 2255 case—"for purposes of appeal." The motion stated that "[o]ne of the issues on appeal relates to the denial of the § 2255 motion." This motion to consolidate was granted by a marginal notation, and a copy was filed with this court on March 25, 1997.

## II.

### A.

█ In the section of his brief attacking his criminal conviction, Means limits himself to a challenge to the Social Security fraud count. The statute in question provides, in pertinent part, as follows:

Whoever—

. . . .

(7) for the purpose of causing an increase in any payment authorized under this subchapter (or any other program financed in whole or in part from Federal funds), or for the purpose of causing a payment under this subchapter (or any such other program) to be made when no payment is authorized thereunder, or for the purpose of obtaining (for himself or any other person) any payment or any other benefit to which he (or such other person) is not entitled, or for the purpose of obtaining anything of value from any person, or *for any other purpose*—

. . . .

(B) with intent to deceive, falsely represents a number to be the social security account number assigned by the Commissioner of Social Security to him or to another person, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him or to such other person . . .

shall be guilty of a felony and upon conviction thereof shall be fined under Title 18 or imprisoned for not more than five years, or both.

42 U.S.C. § 408(a)(7)(B) (emphasis added). Thus, the elements of the crime are: (1) false representation of a social security account number, (2) with intent to deceive, (3) for any purpose. *See United States v. McCormick*, 72 F.3d 1404, 1406 (9th Cir.1995).

Means argues that this statute should not be "interpreted to include falsely giving a social security number to police agencies for purely identification purposes," despite the "for any other purpose" language in the statute. Such interpretation, he asserts, fails to give him adequate notice under the Due Process Clause that his conduct was forbidden; the statute's location in Title 42 of the United States Code serves to imply that the statute only criminalizes the fraudulent receipt of government benefits. He concludes that since he "was not attempting to 'gain' anything of value from his actions" by giving a false number, but instead "was merely attempting to keep his identity a secret," he cannot be convicted of violating 42 U.S.C. § 408(a)(7)(B). *But cf. United States v. Silva–Chavez*, 888 F.2d 1481, 1482–84 (5th Cir. 1989); *United States v. Pryor*, 32 F.3d 1192, 1193–95 (7th Cir.1994).

█ The defendant raises a constitutional challenge to his conviction, which, as a question of law, we generally would review *de novo*. *See United States v. Knipp*, 963 F.2d 839, 843 (6th Cir.1992). However, as appellate counsel for Means conceded at oral argument, this issue was never raised in the district court. The usual rule in this court is that such a failure precludes this court's consideration of the issue on appeal. *See United States v. Chesney*, 86 F.3d 564, 567 (6th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 2470, 138 L.Ed.2d 225 (1997). The court may, however, "exercise [its] discretion to review an issue not raised below in exceptional cases or particular circumstances, or when the rule would produce a plain miscarriage of justice." *Id.* at 567–68 (internal quotation marks and citations omitted).

At oral argument, Means's counsel argued that we should address the issue because the failure to raise it below is simply an example

of the ineffectiveness of Means's trial counsel. However, this is not a valid justification for a departure from our usual rule. First of all, the fact that Means never alluded to the failure to raise this issue as an example of ineffectiveness during the course of his section 2255 proceeding is a strong suggestion that the failure is not, actually, attributable to ineffectiveness. Second, even if the failure to raise the issue *were* evidence of constitutional ineffectiveness, that simply means that the time and place for discussing it is in the context of the ineffectiveness inquiry—but an oversight on the part of defense counsel is not alone a justification for departing from our usual procedure of non-review of issues not raised below, since such an exception to the rule would effectively eviscerate the rule.

We see no other special circumstances here that would counsel our exercising our discretion to reach this argument. We note, in this regard, that Means has not given us any reason to think that in the absence of our review, he will suffer a plain miscarriage of justice. We thus decline to address the merits of his claim.

**B.**

Turning to Means's ineffective-assistance arguments, we observe, as a preliminary matter, that the government has not questioned this court's appellate jurisdiction over Means's section 2255 contentions. It is, however, well-established that

> [t]he parties' failure to discuss the question of appellate jurisdiction in their briefs does not preclude [this court's] own examination of the question. "[E]very federal court has a special obligation to consider its own jurisdiction." Moreover, "jurisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue."

*United States v. Duke,* 50 F.3d 571, 574 (8th Cir.) (citations omitted), *cert. denied,* — U.S. ——, 116 S.Ct. 224, 133 L.Ed.2d 154 (1995).

There is no question, as it has been conceded by Means's appellate counsel, that a notice of appeal was never filed following the district court's final judgment in the section 2255 proceeding. This fact, however, raises two new questions: (1) does the lack of a notice of appeal preclude appellate review?; and if so, (2) did Means file *any* document that could stand in the stead of a notice of appeal; that is, serve as the " 'functional equivalent,' " as it were, of a formal notice of appeal? *Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 681–82, 116 L.Ed.2d 678 (1992). The answers, as we shall explain, are yes and no, respectively.

**1.**

 As this court recently reiterated, "[o]ur cases make it clear that the timely filing of a notice of appeal is both a mandatory and a jurisdictional prerequisite." *United States v. Christunas,* 126 F.3d 765, 767 (6th Cir.1997); *see United States v. Hernandez,* 5 F.3d 628, 632 (2d Cir.1993). In other words, and simply put, if an appellant does not file a notice of appeal on time, we cannot consider his appeal. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir.1994). Since Means did not file a notice of appeal following the district court's final order in the section 2255 proceeding, our review of that proceeding is foreclosed.

Means argues, however, that the issue is not quite so straightforward. His argument is that the section 2255 proceeding was simply a continuation of the criminal proceeding, and "it was understood by everyone" that the section 2255 proceeding was instituted simply to "supplement" the record in this direct appeal. Given that we unquestionably have jurisdiction over the direct appeal from Means's criminal conviction, the argument goes, we should likewise exercise jurisdiction over the related section 2255 proceeding. *But see Hernandez,* 5 F.3d at 632.

This approach, perhaps understandably, misapprehends the complicated dual nature of section 2255 proceedings. Much has been written about whether a section 2255 proceeding is " 'a further step in the movant's criminal case,' " or, instead, "a separate civil proceeding." *United States v. Gordon,* 634 F.2d 638, 639 (1st Cir.1980) (citation omitted). The inescapable fact is that it has characteristics of both, *see United States v.*

*Clark,* 984 F.2d 31, 33 (2d Cir.1993), and may properly be categorized as one or the other depending on the context and the reason for making the inquiry. *Compare Clark,* 984 F.2d at 33 (criminal) *and Williams v. United States,* 984 F.2d 28, 29–30 (2d Cir.1993) (criminal) *with Lowe v. United States,* 923 F.2d 528, 529 (7th Cir.1991) (civil) *and United States v. Allen,* 613 F.2d 1248, 1251 (3d Cir.1980) (civil).

As more than one court has observed, the advisory committee notes to the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS assert, in several places, that " 'a motion under § 2255 is a further step in the movant's criminal case [rather than] a separate civil action,' " *Williams,* 984 F.2d at 30 (citations omitted), and "advisory committee notes are due some deference" from the courts, *United States v. Nahodil,* 36 F.3d 323, 328 (3d Cir.1994). This would seem to lend some support to Means's position. Yet, as the Third Circuit has convincingly explained, this categorization is devoid of substantive significance:

> Considering next the argument that a § 2254 petition is a separate civil proceeding whereas a § 2255 proceeding is a continuation of the criminal trial, we understand the difference to have arisen in 1948 due to the Judicial Conference's urging that the administration of habeas corpus proceedings in federal courts would be simplified if the proceeding could be brought in the sentencing court instead of the court of the district where the prisoner was confined. The change "was intended simply to provide in the sentencing court a remedy *exactly commensurate* with that which had previously been available by habeas corpus. Thus, this distinction in the form of the proceedings has no substantive repercussions."

*Nahodil,* 36 F.3d at 328–29 (citations omitted).

In any event, the civil-criminal debate is really a red herring for our purposes. Irrespective of how a section 2255 proceeding should be classified or conceived, there is universal agreement that a notice of appeal must be filed following an adverse decision in such a proceeding, if one wishes to preserve one's right of appeal. Under section 2255, the district court, upon finding "that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner ... or grant a new trial ... as may appear appropriate." 28 U.S.C. § 2255. Following such an order, the statute goes on to provide, "[a]n appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus." *Id.*

Indeed, it would be somewhat disingenuous for Means to seriously claim that the sole purpose of the section 2255 proceeding was to supplement the record in the direct appeal. If the relief Means assertedly sought in his petition had actually been granted, he would not, obviously, have proceeded with his claims in the direct appeal. But just as obviously, the government would then have had a right to file a notice appeal from the district court's adverse decision in the section 2255 proceeding, *cf. Lowe,* 923 F.2d at 529— and it would, in fact, have been required to do so in order to obtain appellate review; it could not have argued the merits of the section 2255 decision simply by resting on Means's notice of direct appeal from his criminal conviction, *cf. Allen,* 613 F.2d at 1250. The government's right to appeal an adverse decision in a section 2255 proceeding, and the concomitant necessity that it file a notice of appeal in order to do so, should highlight for Means the reasons why the same obligation was incumbent on him.

In short, even if a section 2255 proceeding is properly categorized as a continuation of the criminal proceeding—and unquestionably, that is proper for at least some purposes—it is nonetheless equally a proceeding that has its own independent identity. Thus, a party seeking appellate review of an adverse final ruling must file a notice of appeal from that final ruling, even if the party has a pending direct appeal that has been stayed for the duration of the section 2255 proceeding.

**2.**

We next consider whether Means filed any paper that could have served as a notice of appeal in the section 2255 proceeding. There are two potential candidates: the status report filed with this court ten days after the district court's final order, and the motion to consolidate filed in the district court more than four months after the final order. Neither suffices.

In *Smith*, 502 U.S. 244, 112 S.Ct. 678, the Court addressed the question whether an appellate brief may ever "qualify as the notice of appeal" which is a jurisdictional prerequisite by Fed. R.App. P. 3. *Id.* at 245, 112 S.Ct. at 680. The *Smith* Court answered in the affirmative, so long as certain conditions are met. First, the document intended to serve as a notice "must specifically indicate the litigant's intent to seek appellate review" in order "to ensure that the filing provides sufficient notice to other parties and the courts." *Id.* at 248, 112 S.Ct. at 682. In addition, the document must contain the information required by Rule 3, *see id.* at 250, 112 S.Ct. at 682–83, that is, the identity of (a) the parties appealing, (b) the order or judgment appealed from, and (c) the court to which the appeal is taken, *see id.* at 247–48, 112 S.Ct. at 681–82 (citing Fed. R.App. P. 3(c)).

█ The status report Means filed falls short. The party appealing and the appellate court are indicated clearly enough, but there is absolutely no indication that Means intends to add the district court's ruling in the section 2255 proceeding as another order being appealed; Means did not, for example, attach a copy of the order to the status report. And likewise, the report certainly does not "specifically indicate" that Means intended to seek review of that order. Instead, the report's definite implication is that Means simply intended to request a lifting of the stay in his direct appeal and thereby to continue pursuing *that* appeal.

█ The motion to consolidate, on the other hand, comes closer to satisfying the *Smith* requirements in that it gives a clearer indication of Means's intention to appeal the final order in the section 2255 proceeding. It

fails, however, because it was filed more than four months after the district court made its ruling. It is clear that "[t]he time for appeal from an order entered on a motion for relief made pursuant to [28 U.S.C. § 2255] is as provided in Rule 4(a) of the Federal Rules of Appellate Procedure." RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 11. Under Fed. R.App. P. 4(a)(1), a would-be appellant in a civil proceeding to which the United States is a party has 60 days from the final judgment within which to file a notice of appeal. *Cf. Hope*, 43 F.3d at 1142. Since Means did not file the motion to consolidate within 60 days, we cannot treat it as a timely notice of appeal.

**C.**

As the Second Circuit did before us, we think it would be helpful to clarify for the parties and other practitioners the procedure that Means should have followed in order to secure our appellate review of the district court's order denying him relief under section 2255. *See Hernandez*, 5 F.3d at 632. After receiving a stay of his direct appeal from this court and after receiving a final order from the district court on his section 2255 motion, Means should have (1) promptly filed a status report asking the Clerk of our court to reinstate his direct appeal; (2) filed a notice of appeal from the district court's denial of his section 2255 motion within 60 days, *see* Fed. R.App. P. 3 & 4; and (3) filed a motion in *this* court, rather than the district court, seeking consolidation of his direct appeal and his appeal from the denial of section 2255 relief.

**III.**

We **AFFIRM** the district court's judgment of conviction and **DISMISS** the remainder of the appeal.