**Jerry Lee JONES, Petitioner–Appellant,**

v.

**Maryellen THOMS, Warden, Respondent–Appellee.**

No. 01–5314.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before BOGGS and GILMAN, Circuit

Judges; QUIST, District Judge.*

### ORDER

Jerry Lee Jones, a pro se federal prisoner, appeals from a district court judgment denying Jones's petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Jones also moves for in forma pauperis status. Fed. R.App. P. 24(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In Jones's § 2241 petition, he claimed that the Bureau of Prisons improperly denied him the right to a sentence reduction after he successfully completed a drug treatment program. *See* 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.58(a) (2000). The district court initially filed a memorandum opinion and order granting the petition. Before the entry of judgment, the district court rescinded the memorandum opinion and order and entered judgment for the warden based on the Supreme Court's decision in *Lopez v. Davis,* 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001).

In the district court and on appeal, Jones claims that the *Lopez* case should not apply retroactively to his case, citing *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). The district court distinguished *Teague* because it involved a rule of criminal procedure, not a Bureau of Prisons' regulation. The district court's analysis of this claim was proper. When the Supreme Court applies a rule of federal law to the parties before it in a civil case, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases that are still open. *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993); *In re Federated Dep't Stores, Inc.,* 44 F.3d 1310, 1317–18 (6th Cir.1995). Because the district court had not entered judgment in Jones's case, the case was still open; the district court properly applied the *Lopez* decision to deny the petition.

Jones also raises arguments based on the cases of *Schering Corp. v. Shalala,* 995 F.2d 1103 (D.C.Cir.1993), and *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Because Jones did not raise these arguments in the district court, this court is precluded from reviewing them, *United States v. Means,* 133 F.3d 444, 447 (6th Cir.1998). This court may exercise its discretion to review such issues in an exceptional case or to avoid a miscarriage of justice, *id.,* but we conclude that neither of these exceptions is applicable to Jones's case.

The motion for in forma pauperis status is granted solely for the purpose of deciding this appeal, and the judgment of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan; sitting by designation.