**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Linda Louise ROBINSON,
Defendant–Appellant.**

**No. 02–6109.**

United States Court of Appeals,
Sixth Circuit.

May 19, 2004.

Tracy L. Berry, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Bruce I. Griffey, Office of Bruce Irwin Griffey, Memphis, TN, for Defendant–Appellant.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.

Linda Louise Robinson appeals her conviction and sentence on one count of fraudulent use of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). We affirm the court's decisions to admit evidence and to deny Robinson's motions to acquit and for a new trial. We find Robinson's sentencing issues moot because she has served her entire sentence.

### I. BACKGROUND

Over a number of years, Linda Robinson used two social security numbers, one that she knew was her own and one that belonged to another person, Linda Robinson–Graves. Robinson–Graves's social se-

curity card—imprinted with the name "Linda Robinson"—was stolen in the 1970s.

In 1981, defendant Robinson presented Robinson–Graves's social security card as her own to the Covington Housing Authority, and the Deputy Director of the Housing Authority kept a photocopy of that card. Some fourteen years later, an employee with the Department of Human Services investigated a report that Robinson used two different social security numbers. He met with Robinson, told her to stop using Robinson–Graves's number, and reminded her of her Social Security Administration assigned number—a number she used interchangeably with Robinson–Graves's.

The following year, Robinson signed a renewal lease with the Covington Housing Authority. By signing the lease, Robinson certified that all of the information in the lease was correct. The lease, however, included Robinson–Graves's social security number, not Robinson's. The Housing Authority's routine review the following year revealed Robinson's continued use of the improper social security number. When the Housing Authority contacted Robinson about the incorrect number, Robinson presented her own social security card.

At trial, Robinson defended her use of Robinson–Graves's number with the story that her grandmother gave her Robinson–Graves's social security card and indicated that it was Robinson's. Robinson further claimed that when she presented it to the Housing Authority, she believed it to be her own. To counter Robinson's defense of mistake, the United States presented evidence that Robinson used Robinson–Graves's social security number even after the Department of Human Services and the Housing Authority told her that it was not her number. Robinson–Graves herself testified that the Internal Revenue Service contacted her about unreported gambling income from a casino that she had never visited. And as a follow-up to that testimony, a casino employee testified that Robinson presented her Tennessee driver's license—listing Robinson–Graves's social security number—to the casino to receive her winnings.

A jury convicted Robinson of fraudulent use of a social security number, and she appeals, raising four issues.

## II. ANALYSIS

### A. Post–Offense Conduct Evidence

Robinson argues that the district court erred by permitting a casino worker to testify about her use of the improper social security number some two years after the date of the use for which she was indicted. Robinson contends that this evidence was irrelevant—the basis of her objection at trial—and, for the first time on appeal, that the evidence was other bad acts evidence inadmissible under Rule 404(b) of the Federal Rules of Evidence. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R.EVID. 401. We review a district court's evidentiary rulings for an abuse of discretion. But we review Robinson's Rule 404(b) evidence argument for plain error because she forfeited this error by failing to raise it in the district court.

■ The casino worker's testimony was relevant because it made the existence of a fact of consequence less probable—that Robinson mistakenly used the wrong social security number—than it would be without the evidence. And the evidence met the Rule 404(b) admissibility requirement because the United States offered it to counter her claimed defense of mistake. Be-

cause the evidence was relevant and would have been admissible under Rule 404(b), we find that the district court did not abuse its discretion or commit plain error by admitting it.

### B. Motion for Acquittal

■ When a defendant challenges the sufficiency of the evidence, this court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We have reviewed the evidence and conclude that the United States presented sufficient evidence to prove each element beyond a reasonable doubt. The elements of the offense are: (1) false representation of a social security account number. (2) with intent to deceive, (3) for any purpose. 42 U.S.C. § 408(a)(7)(B); *United States v. Means,* 133 F.3d 444, 447 (6th Cir.1998).

Robinson argues first that she did not falsely represent her social security number because a Housing Authority employee, rather than Robinson, typed the lease with the incorrect number. This argument ignores the fact that Robinson signed the lease and, by doing so, certified that the information she gave to the Authority "is complete and accurate to the best of [my] knowledge and belief." The sentence immediately above her signature stated that, by signing the lease, she certified that she read the lease, understood its terms—including providing accurate information to the Housing Authority—and complied with those terms. Robinson cannot avoid criminal liability because another person prepared the document with the information she provided. *Cf. Inland Bulk Transfer Co. v. Cummins Engine Co.,* 332 F.3d 1007, 1016 (6th Cir.2003) (recognizing the general rule that a person who signs a contract that she has had an opportunity to read and understand is bound by its provisions).

Robinson argues next that the United States failed to prove that she intended to deceive the Housing Authority. She posits that because her access to public housing depended on her income level and Robinson–Graves's income level was higher than hers (although there is no evidence that Robinson knew of the income difference), the lack of benefit to her from the use of the wrong social security number belies an intent to deceive the Housing Authority with it.

The Seventh Circuit considered and rejected the argument "that the word 'deceive' in the statute should be re-read as 'deceive for pecuniary gain.'" *United States v. Johnson–Wilder,* 29 F.3d 1100, 1103 (7th Cir.1994). We agree with the Seventh Circuit's conclusion that the statute should not be read to require the United States to prove that the defendant received, or hoped to receive, a pecuniary gain. The statute prohibits the use of another's social security number *for any purpose.* The United States offered sufficient evidence to prove that Robinson used Robinson–Graves's social security number on her Housing Authority lease, knowing it was not her own social security number, satisfying the intent to deceive for any purpose requirement of the statute.

Finally, Robinson argues that the evidence was insufficient to prove the materiality element of her offense. Although the district court instructed the jury that it was required to find that Robinson's misrepresentation was material, it is not clear that materiality is an element of social security fraud under 42 USC § 408(a)(7)(B). *See United States v. Means,* 133 F.3d 444, 447 (6th Cir.1998) (stating that the elements of the offense are "(1) false representation of a social security account number, (2) with intent to

deceive, (3) for any purpose"). Assuming, however, that materiality is an element, it is clear that Robinson's misrepresentation was material to attaining her lease—at trial, a Covington Housing Authority employee testified that obtaining a lease requires a social security number.

Because the United States introduced sufficient evidence of guilt on each element of the offense, the district court properly denied Robinson's motion for acquittal.

### C. Motion for New Trial

We review for abuse of discretion the district court's denial of a motion for a new trial. *See United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir.1988). An abuse of discretion exists where this court is firmly convinced that a mistake has occurred. The district court should grant a motion for a new trial only in the extraordinary circumstances where the evidence weighs heavily against the verdict. For the reasons discussed in our review of the district court's denial of Robinson's motion for acquittal, we find that the district court did not abuse its discretion in denying Robinson's motion for a new trial.

### D. Sentencing

In her brief, Robinson presented two issues relating to the district court's application of the United States Sentencing Guidelines. Robinson conceded correctly at oral argument that these issues are now moot because Robinson has served her sentence of imprisonment. *See, e.g., United States v. Isong*, 111 F.3d 41, 42 (6th Cir.1997).

### III. CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.