**Christopher Rufus WILLIAMS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 92–2537.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 20, 1992.

Decided Jan. 15, 1993.

---

· Christopher Rufus Williams, Milan, MI, submitted pro se papers.

Before: OAKES, NEWMAN, and MAHONEY, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This attempt to appeal from an order denying a motion to vacate a sentence pursuant to 28 U.S.C. § 2255 (1988) requires consideration of an issue affecting the

timeliness of an appeal that arises, at least implicitly, with great frequency, yet has remained unresolved in this Circuit. The issue is whether a judgment should be entered after a court issues an order denying relief under section 2255. Technically, the issue is whether such an order is subject to the requirement of Rule 58 of the Federal Rules of Civil Procedure, which specifies that the clerk shall enter a judgment "upon a decision by the court ... that all relief shall be denied." The issue determines our appellate jurisdiction because in this case the notice of appeal is untimely measured from the order denying relief, but could become timely if a judgment is required to be entered. The issue arises on an appeal by Christopher Rufus Williams from the December 19, 1990, order of the District Court for the Eastern District of New York (Jacob Mishler, Judge) denying his motion under section 2255 to vacate a sentence. We conclude that an order denying relief under section 2255 is not subject to Rule 58, that no judgment is to be entered upon such an order, and that this appeal is untimely. We therefore dismiss the appeal *sua sponte* for lack of appellate jurisdiction.

## FACTS

Williams was convicted in the Eastern District in 1976 of conspiracy and substantive narcotics offenses. On January 9, 1990, he filed a motion under section 2255 to vacate his sentence, claiming that his conviction was invalid on the grounds of double jeopardy and ineffective assistance of counsel. Judge Mishler denied the motion in an order dated December 6, 1990, and entered December 19, 1990. No judgment was issued.

Williams, proceeding *pro se*, did not file a notice of appeal until August 21, 1992.

The matter is before the Court pursuant to the procedure of our Staff Attorneys whereby *pro se* matters in which appellate jurisdiction appears to be lacking are forwarded to a panel for consideration of dismissal *sua sponte*.

## DISCUSSION

The issue as to whether a judgment should be entered on orders denying relief under section 2255 arises because of the dual characteristics of a section 2255 proceeding. In some respects, a section 2255 motion appears to initiate an independent civil proceeding, yet, in other respects, it appears to be a continuation of the criminal case in which the movant was convicted. If the motion initiates an independent civil proceeding, there would be a substantial argument for concluding that proceeding by entry of a judgment pursuant to Rule 58. On the other hand, if the motion is a post-judgment step in the original criminal case, then no judgment is appropriate, the judgment in the criminal case already having been entered at the time of the sentence. *See* Fed.R.Crim.P. 32(b)(1); *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937) ("The sentence is the judgment.").

The civil characterization of the section 2255 motion gains some support from the placement of section 2255 in Title 28 of the United States Code, which deals primarily with civil aspects of judicial procedure, rather than in Title 18, which deals primarily with crimes and criminal procedure. Furthermore, section 2255, the procedural device for collateral attacks upon federal convictions, is the analogue to section 2254, the procedural device for collateral attacks upon state convictions, *see United States v. Hayman*, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952), and an application pursuant to section 2254 unquestionably initiates an independent civil proceeding, *see Ex parte Tom Tong*, 108 U.S. 556, 559–60, 2 S.Ct. 871, 872–73, 27 L.Ed. 826 (1883) (predecessor statute). Additionally, we observe that it is the practice of district court clerks to assign to section 2255 motions a civil case number, normally in addition to the number of the original criminal case.[1]

---

**1.** This practice appears to be the result of instructions from the Administrative Office of the United States Courts. *See* 11 Administrative

Office of the United States Courts, *Guide to Judiciary Policies and Procedures: Statistics Manual* ch. V, § III(C) (1989). The instructions

Williams's motion bears both a new civil number, CV 90–0080, and the criminal case numbers of his original criminal cases, 75 CR 177 and 75 CR 814. Finally, we note that Rule 11 of the special Section 2255 Rules specifies that the time for filing an appeal from an order disposing of a section 2255 motion is governed by Rule 4(a) of the Federal Rules of Appellate Procedure, specifying the time for appeal in civil cases, rather than Rule 4(b), specifying the time for appeal in criminal cases. *See* Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C.A. foll. § 2255 (West.Supp.1992) (hereafter, "Section 2255 Rule ——"). Since the United States is a party to a section 2255 proceeding, the applicable time limit for a notice of appeal is 60 days. *See* Fed.R.App.P. 4(a)(1).

However, there are authoritative bases for considering a section 2255 motion to be a continuation of the criminal case and not an independent civil proceeding. The Advisory Committee notes to the Section 2255 Rules, approved in 1976, Pub.L. 94–426, § 1, 90 Stat. 1334 (1976), emphasize repeatedly that "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action." *See* Section 2255 Rule 1, advisory committee's note; Section 2255 Rules 3, 11–12, advisory committee's notes. The Supreme Court's promulgation of these rules in 1976 indicated the Court's abandonment of its prior view that a section 2255 motion is not a proceeding in the original criminal case. *See Heflin v. United States,* 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 453 n. 7, 3 L.Ed.2d 407 (1959).

The Advisory Committee pointed out that the rules' omission of a filing fee for section 2255 motions changed the prior practice of some courts, *see McCune v. United States,* 406 F.2d 417, 419 (6th Cir.1969); *Martin v. United States,* 273 F.2d 775, 778 (10th Cir.1960), *cert. denied,* 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816 (1961), to charge the movant the then-standard $15

filing fee for civil actions, which was more than the special $5 filing fee for habeas corpus petitions provided in 28 U.S.C. § 1941(a). *See* Section 2255 Rule 3, advisory committee's note. The omission of any fee requirement was "done to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack." *Id.*

The Senate Report accompanying a bill whose language became section 2255 noted that the new "motion remedy is in the criminal proceeding," contrasting it with the preexisting habeas corpus remedy, which was recognized as a separate civil action. *See* S.Rep. No. 1526, 80th Cong., 2d Sess. 2 (1948).

Since a section 2255 motion is a post-judgment remedy "in the criminal proceeding," it is not subject to Rule 58 of the civil rules, and there is no justification for entering a judgment upon the denial of such a motion. This understanding of the efficacy of an order denying a section 2255 motion, without the need for a judgment, is supported by the explicit terms of section 2255 governing appeals:

> An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

28 U.S.C. § 2255, par. 6. Plainly, Congress did not contemplate the entry of a judgment upon the disposition of a section 2255 motion.

Though Section 2255 Rule 11 specifies that the time for appeal is governed by the provisions of Fed.R.App.P. 4(a), applicable to civil appeals, this incorporation of the civil appeal time period does not alter the nature of the section 2255 motion as a step in the criminal case. *See* Section 2255 Rule 11, advisory committee's note. The incorporation of the civil appeal time period results from the statutory requirement that the appeal from the order on a section 2255 motion be taken "as from a final judgment on application for a writ of habeas corpus." 28 U.S.C. § 2255, par. 6; *see United States*

---

contemplate assigning a civil number "[i]n order to provide continuity with previous recording of Section 2255 motions to vacate sentence and to study the impact of such motions on civil

filings and dispositions." *Id.* at 22–23. However, the instruction also requires recording the motion and its outcome on the original criminal docket. *Id.* at 22.

*v. Hayman,* 342 U.S. at 209 n. 4, 72 S.Ct. at 267 n. 4, (citing *Mercado v. United States,* 183 F.2d 486 (1st Cir.1950)).

We are advised that a judgment upon an order denying a section 2255 motion is generally entered in the Northern and Eastern Districts of New York (though no judgment was entered in this case), but not generally entered in the Western and Southern Districts of New York, or in the Districts of Connecticut and Vermont. We suggest that such judgments not be entered throughout the Second Circuit. The appearance of judgments in some cases may mislead movants to delay filing a notice of appeal in the expectation that a judgment will be entered. Though one court of appeals appears to have approved the issuance of a judgment upon an order denying a section 2255 motion, *see Sassoon v. United States,* 549 F.2d 983, 984–85 (5th Cir.1977), we think such a practice is not required by Rule 58 and is ill-advised.

Since no judgment was required to be entered, the 60–day time for appeal ran from the entry of the order denying Williams's section 2255 motion. His notice of appeal, filed some 20 months after entry of that order, was plainly late, and we lack appellate jurisdiction. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982).

The appeal is dismissed for lack of jurisdiction.