**UNITED STATES of America, Appellee,**

v.

**David CLARK, Defendant–Appellant.**

**No. 209, Docket 92–2243.**

United States Court of Appeals, Second Circuit.

Argued Oct. 20, 1992.

Decided Jan. 15, 1993.

Brian Shaughnessey, Washington, DC for defendant-appellant.

Joshua W. Nesbitt, Asst. U.S. Atty., Albany, NY (Gary L. Sharpe, U.S. Atty., on the brief), for appellee.

David Clark, Atlanta, GA, submitted pro se briefs.

Before: OAKES, NEWMAN and MAHONEY, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal, like *Williams v. United States*, 984 F.2d 28 (2d Cir.1993), filed this date, concerns the procedural requirements that must be observed following entry of an order denying a motion to vacate a sentence pursuant to 28 U.S.C. § 2255 (1988). In *Williams*, we ruled that such an order should not be followed by a judgment and that the time for appeal runs from entry of the order. The issue here is whether such an order is subject to a motion for reconsideration and, if so, what time limits apply to such a motion and what effect the motion has on our appellate jurisdiction. These matters arise on an appeal by David Clark from the April 10, 1992, order of the District Court for the Northern District of New York (Con. G. Cholakis, Judge) denying his motion to reconsider a prior order denying relief under section 2255. We conclude that a motion to reconsider a section 2255 ruling is available, that it is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter, and that its effect on appellate jurisdiction, like motions for reconsideration in civil cases, depends on whether it is filed within or outside the 10–day period. In this case, the motion was filed after 10 days, it was therefore a Rule 60(b) motion, the appeal from its denial brings up for review only the denial of the motion, and the denial is reviewed under an abuse of discretion standard. Since the denial was within the District Court's discretion, we affirm; to the extent that Clark is appealing the underlying order denying his section 2255 motion, that appeal is dismissed as untimely.

## Facts

Clark pled guilty in 1987 to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1982), and was sentenced on April 11, 1988, to nine years' imprisonment and three years of supervised release. On November 27, 1990, he filed a motion under section 2255 to vacate his sentence, claiming, among other things, that the Government had failed to honor a commitment to obtain the dismissal of pending state charges. The District Court decided the motion on December 2, 1991, rejecting all challenges to the conviction but agreeing with Clark that the term of supervised release was not authorized. On December 31, 1991, Clark filed a motion for reconsideration of the December 2 ruling. On April 10, 1992, the District Court denied the motion for reconsideration. Judge Cho-

lakis ruled that the motion was untimely under a local rule setting a 10–day limit for a motion for reconsideration, N.D.N.Y.R. 10(m), and that even if deemed timely, it lacked merit. On April 20, 1992, Clark filed a notice of appeal, purporting to appeal from the December 2, 1991, order denying his section 2255 motion.

## Discussion

As in *Williams*, the procedural issues presented by this appeal arise from the dual characteristics of a section 2255 proceeding. We there ruled that though the motion can arguably be viewed as either a civil or a criminal proceeding, it is properly to be regarded as a step in the criminal case and not the initiation of an independent civil proceeding. The consequences of that ruling in *Williams* were to preclude application of Rule 58 of the Federal Rules of Civil Procedure and to obviate the need to enter a judgment upon the order denying the section 2255 motion. Applying Rule 11 of the special Section 2255 Rules, we also ruled that the time for appealing from an order denying a section 2255 motion is "as provided in" Rule 4(a) of the Federal Rules of Appellate Procedure. *See* Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C.A. foll. § 2255 (West Supp.1992) (hereafter, "Section 2255 Rule ——").

Once it is determined that the section 2255 motion is a step in the underlying criminal case, it might be thought that all aspects of procedure would be governed by the Federal Rules of Criminal Procedure. Since the post-judgment motions authorized by the Criminal Rules do not contemplate a motion to reconsider a denial of a post-judgment motion, *see* Fed.R.Crim.P. 33–35, one might also think that a motion to reconsider a denial of a section 2255 motion is unavailable. However, Section 2255 Rule 11's seemingly simple reference to Fed. R.App.P. 4(a) compounds the problem as to what aspects of civil procedure govern section 2255 motions. Rather than specify the 60–day time period provided in Fed. R.App.P. 4(a) for appeals in civil cases in which the United States is a party, Rule 11

provides that the time for appeal "is as provided in Rule 4(a)." Fed.R.App.P. 4(a) does more than specify time limits for a notice of appeal. It also provides that a notice of appeal filed before the disposition of so-called "10–day motions," *i.e.*, those filed under Fed.R.Civ.P. 50(b), 52(b), or 59, "shall have no effect," and that the time for appeal from a judgment or order runs from the entry of the order "denying a new trial or granting or denying any other such motion." Fed.R.App.P. 4(a)(4). Moreover, case law construing Rule 4(a)(4) has determined that motions filed after the 10–day period, no matter how styled, are to be treated as Rule 60(b) motions, which do not affect the validity of a notice of appeal and do not restart the time for filing a notice of appeal. *See Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir.1991). If Section 2255 Rule 11 incorporates all aspects of Rule 4(a)'s provisions concerning appeals, it implies that orders denying section 2255 motions are subject to the 10–day motions provided by Rules 50(b), 52(b), and 59, and perhaps implies that they are also subject to a Rule 60(b) motion.

Case law has accepted both implications. Understanding how this has occurred begins with the Supreme Court's rulings in *United States v. Healy*, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964), and *United States v. Dieter*, 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976), that post-judgment motions for rehearing may be filed in criminal cases. In *Healy* and *Dieter* the Supreme Court permitted the Government to seek reconsideration of a district court ruling dismissing an indictment in a criminal case despite the absence of any provision explicitly authorizing such reconsideration. The Court relied upon "traditional and virtually unquestioned practice." *Dieter*, 429 U.S. at 8 n. 3, 97 S.Ct. at 20 n. 3 (quoting *Healy*, 376 U.S. at 79, 84 S.Ct. at 556). The Court also ruled that the filing of a request for reconsideration was timely, in the absence of any specified time limit, if filed within the time for appeal; that a timely request

for reconsideration tolls the time for appeal; and that the time for appeal, tolled by a timely motion, runs from the date the motion is denied. *Dieter*, 429 U.S. at 8, 97 S.Ct. at 19; *Healy*, 376 U.S. at 77–80, 84 S.Ct. at 555–57; *see Browder*, 434 U.S. at 268–69, 98 S.Ct. at 562–63.

Once the Section 2255 Rules established that a section 2255 motion was a motion "in" the original criminal case, *see Williams*, 984 F.2d at 30, *Dieter* and *Healy* became authority for filing a motion for reconsideration of the denial of a section 2255 motion. However, the incorporation in Section 2255 Rule 11 of Fed.R.App.P. 4(a) suggested that such a motion should be subject to the same time limitations as reconsideration motions in civil cases. Apparently proceeding on this understanding, courts have ruled that a motion for reconsideration filed within 10 days of an order denying relief under section 2255 is treated as a Rule 59(e) motion, *United States v. Gargano*, 826 F.2d 610, 611 (7th Cir.1987); *Word v. United States*, 620 F.Supp. 43, 45 (S.D.N.Y.1985), *aff'd mem.*, 795 F.2d 1006 (2d Cir.1986),[1] and that a motion for reconsideration of a section 2255 denial filed more than 10 days after the order should be treated as a Rule 60(b) motion, *United States v. Whitford*, 758 F.2d 329, 331 (8th Cir.1985); *see also Jester v. United States*, 714 F.2d 97, 98 n. 1 (11th Cir.1983) (motion filed after 10 days arguably Rule 60(b) motion); *Lewis v. United States*, 555 F.2d 1360, 1362 (8th Cir.1977) (motion filed after 10 days considered untimely Rule 59(e) motion but nonetheless reviewed on merits, presumably as Rule 60(b) motion); *cf. Browder*, 434 U.S. at 272, 98 S.Ct. at 565

(Blackmun, J., with whom Rehnquist, J., joins, concurring) (suggesting that motion filed after 10 days to reconsider ruling under section 2254 could be treated as Rule 60(b) motion).[2]

▮ Thus, in the pending case, Clark was entitled to move for reconsideration of the December 2, 1991, denial in part of his section 2255 motion. However, his motion, filed more than 10 days after the denial, was available for consideration only under Rule 60(b). Though the motion was untimely under the Northern District's local 10–day rule, which apparently applies to all motions for reconsideration, we do not agree that the local rule could have the effect of precluding the permissible use of Rule 60(b). *See* Fed.R.Civ.P. 83 (district court may adopt local rules "not inconsistent with" Federal Rules of Civil Procedure).

▮ As a Rule 60(b) motion, Clark's reconsideration motion was appropriately to be determined within the discretion of the District Court. Though Judge Cholakis considered the motion untimely, he also, alternatively, explicitly considered its merits and denied it. In doing so he acted well within his discretion. Clark's major point, that the Government had failed to recommend dismissal of state charges, provided no basis for relief; even if the Government had undertaken to make such a recommendation, any omission was without consequence since the state charges were dismissed following a state court ruling adverse to the prosecution.

▮ Since Clark's motion for reconsideration can be considered only as a Rule 60(b)

---

**1.** This view takes some liberties with the text of Rule 59(e), which authorizes a motion to alter or amend "a judgment." Fed.R.Civ.P. 59(e).

**2.** Permitting a motion filed more than 10 days after denial of a section 2255 motion to be treated as a Rule 60(b) motion extends rather far the "implication" made by Section 2255 Rule 11's reference to Fed.R.App.P. 4(a). The implication of a 10–day motion under Rule 59(e) proceeds from the fact that Section 2255 Rule 11 is concerned with time for appeal, and Fed. R.App.P. 4(a) starts the time for appeal from the denial of a timely Rule 59(e) motion. However, a Rule 60(b) motion has no bearing on the time

for appeal from the ruling sought to be challenged. Nevertheless, recognizing the availability of a Rule 60(b) motion to challenge a section 2255 denial maintains a degree of symmetry with civil practice, and is probably authorized by Section 2255 Rule 12, which provides:

If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems appropriate, to motions filed under these rules.

motion and since his notice of appeal was filed more than 60 days after the order denying the section 2255 motion, the appeal brings before us only the denial of the motion for reconsideration, which we affirm; the purported appeal from the denial of the section 2255 motion is dismissed for lack of appellate jurisdiction.