101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ronald WHITAKER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2701.
 United States Court of Appeals, Second Circuit.
 April 23, 1996.
 
 1
 APPEARING FOR APPELLANT: Ronald Whitaker, pro se, Marianna, FL.
 
 
 2
 APPEARING FOR APPELLEE: George A. Yanthis, Assistant United States Attorney for the Northern District of New York, Albany, NY.
 
 
 3
 N.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Petitioner-appellant Ronald Whitaker appeals pro se from an order of the United States District Court for the Northern District of New York (Gagliardi, J.), denying his motion, filed pursuant to Fed.R.Civ.P. 60(b), for reconsideration of an earlier order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.
 
 
 6
 On October 5, 1989, following a jury trial, Whitaker was convicted of one count of conspiracy to distribute cocaine and one count of conspiracy to import cocaine, in violation of 21 U.S.C. §§ 846 and 963. At sentencing, the district court declined to sentence Whitaker as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines, and instead sentenced him principally to a 211-month term of imprisonment.
 
 
 7
 Thereafter, Whitaker moved, pursuant to Fed.R.Crim.P. 29 and 33, for a new trial or for entry of a judgment of acquittal. Whitaker argued, inter alia, that his trial counsel had provided him with ineffective assistance by refusing to allow him to testify on his own behalf. Whitaker offered a letter from his trial counsel, in which counsel stated: "I do regret ordering you not to testify in this case." In an order dated December 6, 1990, the district court denied Whitaker's motions, finding that the decision not to place Whitaker on the witness stand was reasonable and that his allegation concerning his counsel's refusal to allow him to testify was a "recent fabrication." Whitaker appealed, and we rejected his ineffective assistance claim as meritless, but we remanded with directions that he be sentenced as a career offender. United States v. Whitaker, 938 F.2d 1551 (2d Cir.1991), cert. denied, 502 U.S. 1076 (1992).
 
 
 8
 On June 30, 1993, Whitaker moved pursuant to § 2255 to vacate, set aside, or correct his sentence. He again raised the claim of ineffective assistance of counsel, but submitted what he claimed to be new evidence: an affidavit from his trial counsel indicating that he had instructed Whitaker not to testify. Moreover, Whitaker argued that the decision in two Eleventh Circuit cases, United States v. Teague, 953 F.2d 1525 (11th Cir.), cert. denied, 506 U.S. 842 (1992), and Nichols v. Butler, 953 F.2d 1550 (11th Cir.1992), established an intervening change in the law sufficient to warrant revisiting his ineffective assistance claim. On September 13, 1993, the district court issued an order denying the § 2255 motion, finding that Whitaker had not demonstrated that the law of this Circuit had changed and finding further that the affidavit was essentially duplicative of the letter from his trial counsel that already had been considered and rejected.
 
 
 9
 On November 16, 1994, Whitaker moved, pursuant to Fed.R.Civ.P. 60(b), for reconsideration of the order. He argued that the government had "committed fraud" upon the district court by labelling Whitaker's claim a "fabrication" in its papers opposing the § 2255 motion. On September 18, 1995, the district court denied the Rule 60(b) motion, finding that Whitaker had not produced any "material evidence or relevant provisions of law that the Court overlooked in denying [the] § 2255 motion." This appeal followed.
 
 
 10
 We first note that Whitaker did not take a timely appeal from the September 13, 1993 order of the district court denying the § 2255 motion, see Fed. R.App. P. 4(a)(1), and the Rule 60(b) motion did not toll the time for filing a notice of appeal, as it was made more than ten days after entry of the 1993 order, see Fed. R.App. P. 4(a)(4)(F); Williams v. United States, 984 F.2d 28, 30-31 (2d Cir.1993). Accordingly, only the September 18, 1995 order of the district court denying the Rule 60(b) motion is properly before this Court for review.
 
 
 11
 We review the order of a district court denying a Rule 60(b) motion for abuse of discretion. Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991). Under Rule 60(b), a court may relieve a party from a final judgment or order due to fraud committed by an adverse party or for "any other reason justifying relief from the operation of the judgment." In the present case, the government's characterization of Whitaker's allegation as a "fabrication" was not a fraud upon the district court, but instead merely repeated a finding made by the district court in its 1990 order. Moreover, the district court properly found that Whitaker did not bring to its attention any "material evidence or relevant provisions of law that the court overlooked in denying [the] § 2255 motion." Whitaker simply renewed his argument that he was denied ineffective assistance of counsel. Accordingly, the district court properly exercised its discretion in denying the Rule 60(b) motion.
 
 
 12
 We have considered all of Whitaker's remaining contentions, and we find them all to be without merit.