In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-3126

CHARLIE LAWUARY,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 97-30058—**Richard Mills**, *Judge*.

SUBMITTED DECEMBER 23, 2011—DECIDED FEBRUARY 8, 2012

Before EASTERBROOK, *Chief Judge*, and FLAUM and
MANION, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Charlie Lawuary pleaded
guilty to distributing cocaine and was sentenced to life
in prison. We affirmed. *United States v. Lawuary*, 211 F.3d
372 (7th Cir. 2000). He filed and lost a collateral attack
under 28 U.S.C. §2255. *Lawuary v. United States*, 199
F. Supp. 2d 866 (C.D. Ill. 2002). Almost a decade later,
he filed in the district court what he styled a motion

under Fed. R. Civ. P. 60(d)(1), asking the court to reopen the case. The judge treated this as a successive collateral attack, see *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and dismissed the motion for lack of jurisdiction, informing Lawuary that he needs this court's permission to start a new round of collateral litigation. See 28 U.S.C. §§ 2244(b), 2255(h).

The district court's decision was entered on the docket on March 14, 2011. Lawuary filed a notice of appeal 186 days later. That is well after the time allowed by 28 U.S.C. §2107 and Fed. R. App. P. 4(a)(1)(A), unless the appeal is saved by Rule 4(a)(7). The time under Rule 4(a)(1)(A) runs from the "entry" of the order appealed from. Rule 4(a)(7)(A) says that this means the date when the order is entered on the docket, *unless* (per Rule 4(a)(7)(A)(ii)) a separate document was required by Fed. R. Civ. P. 58(a), and the district court failed to enter one when it should have done. Then the date of "entry" is postponed until the district court complies with Rule 58, or 150 days have passed, whichever happens first. The district judge did not enter a Rule 58 judgment. If one was required, then the time for appeal started 150 days after March 14, 2011, and Lawuary's appeal is timely, because, when the United States is a party to a civil proceeding, the losing litigant has 60 days to appeal. (A collateral attack on a criminal judgment is treated as a "civil" matter for this purpose. See *Browder v. Director, Department of Corrections*, 434 U.S. 257 (1978).)

So is a Rule 58 judgment required when a district court denies a Rule 60 motion on the ground that it is

effectively a new collateral attack? Rule 58(a) provides that "every judgment" must be set out in a separate document but enumerates five kinds of decision that do not count as a "judgment" for this purpose. One of these is an "order disposing of a motion . . . for relief under Rule 60." Rule 58(a)(5). The problem is that, while Lawuary put a Rule 60 caption on his motion, the district court held that it must be treated as something else. How does this affect the district court's obligations under Rule 58(a)?

None of the courts of appeals appears to have addressed this question. The answer is not obvious. But we think it best to apply Rule 58(a) to what the litigant's paper calls itself. Jurisdictional rules are supposed to be as mechanical as possible. See *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988). Often the clerk of court, not a judge, decides whether a Rule 58 judgment is required. See Rule 58(b)(1). The clerk should be able to rely on the litigants' characterizations of their own filings, without having to look beneath the surface. And a litigant who calls his motion one under Rule 60 cannot claim to be surprised or confused if the judiciary applies the procedures, including those affecting appellate juris-diction, for Rule 60 motions. It is inconceivable that a *pro se* litigant would intentionally defer filing a notice of appeal because of a belief that the district court failed to enter a required Rule 58 judgment and that Rule 4(a)(7)(ii) therefore afforded an extra 150 days; not even a lawyer would reason that way, given *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978), which permits an immediate appeal from a dispositive order despite

the court's failure to enter a proper Rule 58 judgment. It is unnecessary to give Rule 58(a)(5) a strained reading in order to save non-lawyers from a risk of misunderstanding the time for appeal.

*Gonzalez* held that a Rule 60 motion that presents a claim for release from prison should be treated the same way as a new petition for collateral relief, no matter what its caption. The Court did not say that the document *is* something other than a motion under Rule 60. Indeed, *Gonzalez* repeatedly referred to the motion in that case as "the Rule 60 motion". What the Court concluded, rather, is that a motion under Rule 60 that makes a claim for release from prison may be granted only if the prisoner satisfies the requirements of §2244(b) and, if necessary, §2255(h). Treating a self-styled "Rule 60 motion" as a Rule 60 motion for the purpose of Rule 58(a)(5) even when the motion demands release from prison (or a shorter term of imprisonment) therefore does not conflict with *Gonzalez*.

In at least one circuit, recharacterizing the Rule 60 motion as a stand-alone petition under §2255 would not assist Lawuary. *Williams v. United States*, 984 F.3d 28 (2d Cir. 1993), holds that district judges need not enter Rule 58 judgments in any §2255 proceeding. The second circuit observed that §2255(a) calls the proceeding a "motion" in the original criminal case, which is why it returns to the judge who imposed sentence. Although §2255 proceedings are treated as civil matters for some purposes, such as the time for appeal, *Williams* concluded that they are so closely related to the criminal

prosecution that a separate civil judgment under Rule 58 is unnecessary. If that is so, the denial of a Rule 60 motion in a §2255 proceeding cannot require a Rule 58 judgment. One circuit has disagreed with *Williams*, see *United States v. Johnson*, 254 F.3d 279, 284 (D.C. Cir. 2001), and this circuit has not examined the question—though *Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir. 1994), assumed that Rule 58 governs and held it satisfied by the district court's form of decision. We need not tackle the question today. It is enough to hold that the disposition of a motion filed in a §2255 proceeding, and long after final judgment, does not require a separate Rule 58 judgment.

There is one final complication in Lawuary's appeal. Seventeen days after the district court denied his Rule 60 motion, Lawuary filed a motion nominally under Fed. R. Civ. P. 59(e). The district court treated this motion not as a request to reconsider the dismissal of the Rule 60 motion, but as an independent motion for relief under an amendment to the Sentencing Guidelines reducing the ranges for some crack-cocaine sentences. See Amendment 759, making Amendment 750 retroactive as of November 1, 2011; see also 18 U.S.C. §3582(c)(2). The district court treated Lawuary's request as premature and held it open, rather than denying it summarily. It remains pending in the district court. This motion does not affect the finality of the order denying the Rule 60 motion; a motion for a sentence reduction under §3582(c)(2) does not concern the validity or finality of the sentence being served. See *Dillon v. United States*,

130 S. Ct. 2683, 2690–92 (2010) (discussing the nature of proceedings under §3582(c)(2)).

Lawuary's appeal therefore came too late to contest the denial of his Rule 60 motion, and is too early to present any issue about his request for a sentence reduction under Amendment 759. The appeal is dismissed for want of jurisdiction.