Mark Xavier WALLACE, Petitioner,

v.

UNITED STATES of America,
Respondent.

Action No. 4:12CV170.
Original Criminal No. 4:10cr116.

United States District Court,
E.D. Virginia,
Newport News Division.

May 15, 2013.

Mark Xavier Wallace, Pro se, Petitioner.

Howard J. Zlotnick, Assistant U.S. Attorney, Lisa R. McKeel, Assistant U.S. Attorney, Newport News, VA, for Respondents.

## *ORDER*

REBECCA BEACH SMITH, Chief Judge.

This matter comes before the court on the Petitioner's "Request for Leave to File Response to Affidavit by Counsel Kimball Based upon Factors Beyond Petitioner's Control" ("Request"), filed *pro se* on April 15, 2013 (ECF No. 73), together with an attached "Petitioner Rebuttal to Affidavit of Counselor Kimball" ("Rebuttal Affidavit"), dated February 24, 2013 (ECF No. 73-1); and "Petitioner's Response and Request to Place in Abeyance the Court's Final Order in Light of the Court Not Having Viewed Reply to Counsel's Affidavit" ("Motion"), filed *pro se* on April 29, 2013 (ECF No. 74). Each document contains a certificate of service and a declaration, made pursuant to 28 U.S.C. § 1746, that the contents are true. The Motion represents a challenge to the Opinion and Final Order entered April 4, 2013 (ECF No. 71), that dismissed the Petitioner's claim of ineffective assistance of counsel and denied, in full, his petition under 28 U.S.C. § 2255.

## I.

The full procedural history of this case is detailed in the Orders entered April 4, 2013, and January 30, 2013 (ECF No. 68), but a brief synopsis places the instant Motion in context. In the Petitioner's § 2255 petition, filed on November 5, 2012, he alleged that Assistant Federal Public Defender Keith L. Kimball failed to communicate a plea offer, and that such failure represented ineffective assistance of coun-

sel. The court ordered Mr. Kimball to file an affidavit responding to the Petitioner's allegations, and gave the Petitioner fourteen days to file a supplemental response to Mr. Kimball's affidavit.

Mr. Kimball filed his affidavit on February 19, 2013. He stated, in relevant part, that he and the Petitioner had discussed the option of pleading guilty to the one-count indictment, which would have rendered the Petitioner eligible for a three-point reduction in the offense level based on acceptance of responsibility. That option represented the substance—and the extent—of the formal offer that Assistant United States. Attorney Howard Zlotnick later made on behalf of the government.

The court received no response from the Petitioner. Mr. Kimball's unrebutted affidavit indicated that he explained to the Petitioner the possibility, and advantages, of pleading guilty, and that the Petitioner rejected that course of action. The Petitioner's evidence did not rebut those statements, and, therefore, failed to show that the Petitioner was prejudiced by Mr. Kimball's performance. Accordingly, the court denied the petition.

The instant Motion claims that the Petitioner did, in fact, prepare a timely rebuttal directly contradicting Mr. Kimball's affidavit. *See* Mot. at 1–3; Request at 1. The Rebuttal Affidavit, attached to the Request and submitted under penalty of perjury, is dated February 24, 2013. See Rebuttal Affidavit at 3–4. The Request explains that, in the days after receiving Mr. Kimball's affidavit of February 19, 2013, the Petitioner was "severe[ly]" injured and transported to an off-site hospital, thereby hampering his ability to monitor his case. *See* Request at 1. According to the Petitioner, his rebuttal would have been timely filed, but for the jail staff's

negligence in handling his outgoing mail. *Id.* at 2. In sum, the Petitioner now challenges a key factual premise of the April 4, 2013, Opinion and Final Order denying relief. Accordingly, the court now determines how to interpret the Motion in light of the judgment entered on April 4, 2013.

The court has a duty to construe *pro se* pleadings liberally, with " 'special judicial solicitude.' " *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985); *see also Gordon v. Leeke,* 574 F.2d 1147 (4th Cir.1978). So construed, the Motion states a request for relief from the April 4, 2013, judgment. Because it was filed within twenty-eight days of the entry of judgment, it is effectively a motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure. *See United States v. Clark,* 984 F.2d 31, 32 (2d Cir. 1993) ("We conclude that a motion to reconsider a section 2255 ruling is available, [and] that it is to be treated as a Rule 59(e) motion if filed within 10 days [1] of entry of the challenged order ...."). A Rule 59(e) motion should be granted if "there is a need to correct a clear error or prevent manifest injustice.' " *Robinson v. Wix Filtration Corp., LLC,* 599 F.3d 403 (4th Cir.2010).

The court concedes no error in conducting the prior proceedings, much less "clear error," as the court waited nearly a month after the expiration of the Petitioner's fourteen-day rebuttal period before issuing its decision. Nevertheless, because the Petitioner now presents arguments about issues central to the claim, and gives a plausible explanation for the delay in filing, the court will **GRANT** the Request and Motion to ensure disposition based on a complete record. Accordingly, the court will hold in abeyance the judgment (ECF No. 72) entered on April 4, 2013,' pursuant to the Opinion and Final Order filed that same day.

## II.

The court must hold a hearing on a § 2255 motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Fourth Circuit has held that "[w]hen the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive." *Raines v. United States,* 423 F.2d 526, 530 (4th Cir.1970). A petitioner is entitled to a hearing when his allegations, if believed, would be sufficient to show ineffective assistance of counsel. *See United States v. Brannon,* 48 Fed.Appx. 51, 54 (4th Cir. 2002).

Given the disputed issue of fact central to the ineffective assistance claim—that is, whether Mr. Kimball communicated to the Petitioner the option of pleading guilty and the attendant consequences—a limited hearing on this issue is proper in this case. Pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings and 18 U.S.C. § 3006A(a)(2)(B), the court will appoint counsel to represent petitioner for the limited purpose of this hearing, and will do so forthwith.[2]

The United States Attorney is **DIRECTED** to schedule a hearing on this matter, to be held no later than August 15, 2013. The United States Attorney shall coordinate the date of the hearing with the Petitioner's counsel appointed for the

---

1. The current version of Rule 59(e), amended in 2009, provides twenty-eight days to file a motion to alter or amend a judgment.

2. The Petitioner is advised that, in assessing credibility, the court may inquire into the completeness and accuracy of the statements describing the circumstances that led to the delay in mailing the Rebuttal Affidavit.

hearing, and with Keith Kimball and Michael Morchower, who are both **DIRECTED** to attend the hearing. The United States Attorney is further **DIRECTED** to produce the Petitioner for the hearing.

The Clerk is **DIRECTED** to forward a copy of this Order to the Petitioner; to Keith Kimball; to Michael Morchower; and to the United States Attorney.

It is so **ORDERED**.