**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESLEY HARLAN KINGSBURY, *Petitioner-Appellant*, | No. 16-56789 |
| v. | D.C. Nos. 2:15-cv-09697-DSF 2:12-cr-00903-DSF-3 |
| UNITED STATES OF AMERICA, *Respondent-Appellee.* | OPINION |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted July 10, 2018
Pasadena, California

Filed August 21, 2018

Before: D. Michael Fisher,<sup>*</sup> Paul J. Watford, and
Michelle T. Friedland, Circuit Judges.

Per Curiam Opinion

---

<sup>*</sup> The Honorable D. Michael Fisher, United States Circuit Judge for
the U.S. Court of Appeals for the Third Circuit, sitting by designation.

## SUMMARY[**]

**28 U.S.C. § 2255**

The panel held that Federal Rule of Civil Procedure 58's requirement that a separate document be filed upon entry of judgment applies in proceedings under 28 U.S.C. § 2255.

The panel concluded that the petitioner's notice of appeal was therefore timely, and that this court has jurisdiction over his appeal. In a concurrently filed order, the panel granted in part the petitioner's request for a certificate of appealability and set a briefing schedule.

## COUNSEL

Stephanie Marie Adraktas (argued), Berkeley, California, for Petitioner-Appellant.

Christopher Jackson Smith (argued) and Michael A. Rotker, Attorneys; John P. Cronan, Acting Assistant Attorney General; Appellate Section, Criminal Division, United States Department of Justice, Washington, D.C.; for Respondent-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

After pleading guilty to fraud-related charges and being sentenced, Wesley Kingsbury filed a motion under 28 U.S.C. § 2255 seeking to vacate his guilty plea and sentence. The district court denied that motion, but it did not enter judgment in a separate document.

Kingsbury filed a notice of appeal just over two months after the district court denied his § 2255 motion. Whether his notice of appeal was timely depends on whether Federal Rule of Civil Procedure 58's requirement that a separate document be filed upon entry of judgment applies in § 2255 proceedings. The parties here agree that Rule 58's separate document requirement does apply, but because this question determines whether we have appellate jurisdiction over Kingsbury's appeal, we must resolve it ourselves. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc). We now join the majority of our sister circuits in holding that Rule 58's separate document requirement applies in § 2255 proceedings. Kingsbury's notice of appeal was therefore timely, and we accordingly have jurisdiction over his appeal.

**I.**

Kingsbury pled guilty to one count each of conspiracy to commit health care fraud, conspiracy to obstruct a Medicare audit, and making a materially false statement to law enforcement officers. He was sentenced to 78 months in prison. Kingsbury appealed his convictions and sentence but voluntarily dismissed his appeal before filing an opening brief.

Kingsbury then filed a pro se sworn motion under 28 U.S.C. § 2255, seeking to vacate his conviction and sentence on several grounds, including that his counsel was ineffective and that his guilty plea was not knowing, voluntary, and intelligent.  The district court denied the motion and declined to issue a certificate of appealability. But it did not file a document entering judgment separate from its order denying the § 2255 motion.  Kingsbury filed a pro se notice of appeal, which also serves as a request for a certificate of appealability, *see* 9th Cir. R. 22-1(d), 64 days after the district court denied his motion.

Unsure whether the notice of appeal had been filed in time to give us jurisdiction, we appointed counsel and ordered briefing so we could "determine whether entry of a separate judgment is required in section 2255 proceedings and whether this court has jurisdiction over appellant's request for a certificate of appealability."  Our order recognized that it was "an open question in this Circuit as to whether Fed. R. Civ. P. 58(a) requires the entry of judgment on a separate document when a district court enters an order denying relief in 28 U.S.C. § 2255 proceedings," that "[o]ther Circuits are split on this issue," and that "[i]f entry of a separate judgment [were] required, appellant's notice of appeal was timely."

## II.

Section 2255 proceedings are governed by procedural rules developed by the Supreme Court and adopted by Congress.  *See generally* Rules Governing Section 2255 Proceedings for the United States District Courts.  Those rules set the time for the losing party to appeal from the district court's disposition of § 2255 motions. Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rule 11") states that "Federal Rule

of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules." Federal Rule of Appellate Procedure 4(a), in turn, states that a notice of appeal must be filed "within 60 days after entry of the judgment or order appealed from" when the United States is a party, Fed. R. App. P. 4(a)(1)(B), and that a judgment or order is entered for purposes of Rule 4(a) when it is entered in compliance with Rule 58(a) of the Federal Rules of Civil Procedure, Fed. R. App. P. 4(a)(7).[1] Under Rule 58, an order that is dispositive of the proceedings is usually insufficient to enter judgment. Fed. R. Civ. P. 58(a). Instead, judgment must be expressly entered in a "separate document," except when the district court decides certain listed motions—which do not include § 2255 motions.[2] Fed. R. Civ. P. 58(a), (c)(2)(A). If a separate document is required, and one is not filed, judgment is entered automatically 150 days after the court enters an order disposing of a case. Fed. R. Civ. P. 58(c)(2)(B).

Integral to the time for appeal in Rule 4, therefore, is the event that starts the time in which a party can appeal—specifically, either the filing of a separate document entering

---

[1] Federal Rule of Appellate Procedure 4 also provides that the entry of judgments or orders must comply with Federal Rule of Civil Procedure 79(a), which, in turn, offers guidance to district court clerks on how to enter judgments and orders on the docket. Fed. R. App. P. 4(a)(7).

[2] Precisely what constitutes a "separate document" is not at issue here. There is no dispute that, if Rule 58's separate document requirement applies, the order denying Kingsbury's § 2255 motion was not a separate document within the meaning of that rule because it contained substantial discussion of the law and facts. *See Vernon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir. 1987).

judgment or the passage of 150 days.  *See United States v. Johnson*, 254 F.3d 279, 284 (D.C. Cir. 2001) ("Nothing in the language of Rule 11 . . . suggests that courts should apply Rule 4(a)'s time limit without also applying its criterion for determining when that limit begins to run.").    Taken together, these rules suggest that Rule 58's separate document requirement applies to § 2255 proceedings.**[3]**

The advisory committee notes accompanying Rule 11 further support this conclusion.  Those notes cite *United States v. Hayman*, 342 U.S. 205 (1952), for the proposition that appeals from orders denying § 2255 motions "are governed by the civil rules applicable to appeals from final judgments in habeas corpus actions"—writ actions that are available, for example, to challenge state custody under 28 U.S.C. § 2254 but that have been almost entirely supplanted by the motions mechanism of 28 U.S.C. § 2255 in challenges to federal custody.  *See* Rule 11, advisory committee's note to 1979 amendment (quoting *Hayman*, 342 U.S. at 209 n.4). Those civil rules applicable to appeals from district courts' resolution of habeas corpus petitions include the separate document requirement of Rule 58.  *See, e.g.*, *Mitchell v. Idaho*, 814 F.2d 1404, 1405–06 (9th Cir. 1987).

Requiring entry of judgment in a separate document under Rule 58 to start the clock on the 60-day time to appeal is also consistent with the rule's goal to demarcate the time

---

**[3]** As mentioned above, the parties here are in agreement that Rule 58's separate document requirement applies to § 2255 proceedings. Indeed, since at least 2001, the Government appears to have "taken the position that Rule 58 applies" in this circumstance.  *See Johnson*, 254 F.3d at 283 n.2.  But the parties' agreement does not eliminate the need to independently assess whether we have jurisdiction.  *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc).

to appeal more clearly. *See* Fed. R. Civ. P. 58, advisory committee's note to 1963 amendment (describing the rule as "eliminat[ing] [prior] uncertainties by requiring that there be a judgment set out on a separate document"). Many defendants—like Kingsbury here—proceed pro se on collateral review and particularly benefit from greater clarity on procedural requirements.[4] *Cf. Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (en banc) (interpreting the Federal Rules of Civil Procedure as mandating notice to pro se prisoner litigants regarding the requirements of the summary judgment rule because that reading "effectuates the purpose of the Federal Rules to eliminate 'procedural booby traps' which could prevent 'unsophisticated litigants from ever having their day in court'" (quoting *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966))).

---

[4] We recognize that § 2255 motions are similar in some ways to motions under Federal Rule of Civil Procedure 60, and that the time to appeal from the disposition of Rule 60 motions runs from the entry of the order, not from the filing of a separate document entering judgment. *See* Fed. R. Civ. P. 58(a)(5). But Federal Rule of Civil Procedure 58 lists the five types of orders after which no separate document is required to start the time to appeal. Orders on Rule 60 motions are listed. Orders on § 2255 motions are not. And Rule 11 did not say anything to effectively add them to that list. Holding that motions similar to those listed are included by implication, in the absence of any indication that the list was intended to be non-exclusive, would create exactly the sort of murkiness about the time to appeal that Rule 58 was intended to avoid. *See United States v. Indrelunas*, 411 U.S. 216, 221–22 (1973) (per curiam) (explaining that "the separate document provision of Rule 58 is . . . a mechanical change that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered" (internal quotation marks and citation omitted)), *abrogated in part on other grounds by Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 386 n.7 (1978) (per curiam).

The majority of circuits to have considered the question agree that Rule 58's separate document requirement applies to § 2255 proceedings.  The Third, Fifth, Sixth, Eighth, and D.C. Circuits have all reached this conclusion.[5]  *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013); *Jeffries v. United States*, 721 F.3d 1008, 1012–13 (8th Cir. 2013); *United States v. Fiorelli*, 337 F.3d 282, 285–87 (3d Cir. 2003); *Johnson*, 254 F.3d at 283–85; *Sassoon v. United States*, 549 F.2d 983, 984 (5th Cir. 1977).

Only the Second Circuit has held otherwise, grounding its reasoning in the observation that "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action."  *Williams v. United States*, 984 F.2d 28, 30 (2d Cir. 1993) (quoting Rule 11, advisory committee's note to 1979 amendment).  It is true that Rule 58 is a civil rule and that § 2255 proceedings have some procedural characteristics that might appear to weigh against application of the civil rules.  But given the specific wording of the applicable rules, which indicate that the civil requirements for the time to appeal apply here, we do not need to reach a conclusion about the civil or criminal nature of § 2255 proceedings generally.

We therefore join the majority of our sister circuits in holding that Rule 58's separate document requirement applies to § 2255 proceedings.  If a separate document entering judgment is filed with the order resolving a § 2255

---

[5] The Seventh Circuit at one point seemed to have held that Rule 58's separate document requirement applied to § 2255 appeals.  *See Hope v. United States*, 43 F.3d 1140, 1142 & n.1 (7th Cir. 1994); *see also Morales v. Bezy*, 499 F.3d 668, 671 (7th Cir. 2007).  But the Seventh Circuit has since stated that it has not decided the question, notwithstanding *Hope*.  *See Lawuary v. United States*, 669 F.3d 864, 866 (7th Cir. 2012).

motion, the losing party has 60 days to file a notice of appeal. Otherwise, it has 60 days from when judgment is automatically entered 150 days after the filing of the order, for a total of 210 days.

## III.

As described above, the district court did not file a separate document entering judgment under Rule 58 after denying Kingsbury's § 2255 motion. If a separate document were not required, the notice of appeal Kingsbury filed 64 days after the order denying his § 2255 motion would have been 4 days late, and we would have been deprived of appellate jurisdiction. *See* Fed R. App. P. 4(a).**[6]**

But because Rule 58's separate document requirement applies, final judgment was entered as of 150 days after the district court denied the § 2255 motion. Fed R. Civ. P. 58(c)(2)(B). Kingsbury filed his notice of appeal during those 150 days, so his notice was timely. *See* Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."); *FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*, 498 U.S. 269, 273 (1991) (observing that Federal Rule of Appellate Procedure 4(a)(2) "recognizes that, unlike a tardy notice of appeal, certain premature notices do not prejudice

---

**[6]** The time to appeal in Rule 4(a) is set by statute. *See* 28 U.S.C. § 2107(a)–(b). As statutory time limits, Rule 4(a)'s deadlines are jurisdictional. *See Bowles v. Russell*, 551 U.S. 205, 212–13 (2007). We have held that Rule 4(a)'s deadlines are jurisdictional in § 2255 proceedings. *See United States v. Hayat*, 710 F.3d 875, 903 (9th Cir. 2013) (holding that we "lack[ed] jurisdiction to review the district court's dismissal of [a defendant's] § 2255 motion" when he "did not timely file a notice of appeal").

the appellee and that the technical defect of prematurity therefore should not be allowed to extinguish an otherwise proper appeal").

**IV.**

For the forgoing reasons, we have jurisdiction over Kingsbury's appeal.

We **GRANT in part** Kingsbury's request for a certificate of appealability and set a briefing schedule in a concurrently filed order.