In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-3328

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ORVIL DUANE HASSEBROCK,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 09-cr-30080-SMY — **Staci M. Yandle**, *Judge.*

SUBMITTED DECEMBER 15, 2021[*] — DECIDED DECEMBER 23, 2021

Before HAMILTON, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges.*

PER CURIAM. Orvil Hassebrock, who has served his sentence for tax crimes, appeals from the district court's order

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

denying his petition for a writ of *coram nobis*. Because he could have raised all his arguments on direct appeal or in his prior motion under 28 U.S.C. § 2255, we affirm. In this opinion we address a narrow, but open question in our circuit: whether the separate judgment requirement of Rule 58 of the Federal Rules of Civil Procedure applies to *coram nobis* petitions. We join the other circuits to consider the issue and conclude that it does.

Hassebrock was convicted by a jury in 2010 of tax evasion, *see* 26 U.S.C. § 7201, and willful failure to file a tax return. *See id.* § 7203. On direct appeal, we affirmed his conviction and sentence (but ordered a limited remand for clarification of an issue not relevant here). *See United States v. Hassebrock*, 663 F.3d 906 (7th Cir. 2011). Hassebrock later unsuccessfully sought relief under 28 U.S.C. § 2255 arguing, among other things, that his trial counsel was ineffective. *See Hassebrock v. United States*, No. 12-cv-0736-MJR (S.D. Ill. Sept. 1, 2015). He completed his prison sentence in 2013 and, a year later, the district court granted his motion for early termination of his supervised release. *See* 18 U.S.C. § 3583(e)(1).

Five years later, Hassebrock filed a petition for a writ of *coram nobis*, which provides relief similar to that afforded by § 2255 for defendants who no longer are in custody. *See United States v. Delhorno*, 915 F.3d 449, 452 (7th Cir. 2019). He argued again that his trial counsel was ineffective, that trial errors undermined the validity of his conviction, and that Congress lacked authority to impose criminal penalties for violations of the tax code. The court construed the filing as a motion under § 2255 and dismissed it as an unauthorized successive habeas petition. Four months later, Hassebrock moved to set aside the judgment under Rule 60(b) of the

Federal Rules of Civil Procedure, pointing out that, because he no longer was in custody at the time he filed his petition, his motion did not fall under the scope of § 2255. The court denied the motion in a brief text order, and Hassebrock appealed.

Before we proceed to the merits, we first address our jurisdiction. The government maintains that Hassebrock's failure to appeal the denial of his *coram nobis* petition within 60 days renders this appeal timely only as to the denial of his Rule 60(b) motion. (*Coram nobis* petitioners, like § 2255 petitioners, have 60 days to appeal an adverse ruling. *See* FED. R. APP. P. 4(a)(1)(B)(i), 4(a)(1)(c); *United States v. Craig*, 907 F.2d 653, 656–57 (7th Cir. 1990), *amended*, 919 F.2d 57 (7th Cir. 1990).) Indeed, an appeal from the denial of a Rule 60(b) motion does not allow us to review the underlying decision. *See Bell v. McAdory*, 820 F.3d 880, 883 (7th Cir. 2016).

But the district court here did not file a separate judgment under Rule 58 of the Federal Rules of Civil Procedure. If the court neglects to enter a separate document that is required by Rule 58, then the judgment would be deemed entered—and the time to appeal would begin—150 days after the dispositive order was entered on the civil docket. *See* FED. R. APP. P. 4(a)(7)(A)(ii); FED. R. CIV. P. 58(c)(2)(B); *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 488 (7th Cir. 2020). In other words, if Rule 58 applies to the disposition of a writ *coram nobis*, then Hassebrock's notice of appeal—filed as it was within 60 days of the 150-day window—would be timely as to the underlying denial.

We have yet to decide whether Rule 58 applies to a determination on *coram nobis* but conclude here that it does. First, the text of Rule 58 states that "[e]very judgment … must be

set out in a separate document" apart from five exceptions, none of which concerns *coram nobis* petitions. *See* FED. R. CIV. P. 58(a); *Perry v. Sheet Metal Workers' Local No. 73 Pension Fund*, 585 F.3d 358, 361 (7th Cir. 2009) (noting that Rule 58's separate-document requirement applies to summary-judgment rulings because they are not among listed exceptions). The purpose of the rule is to clarify when the time for appeal begins to run, setting out "what has been decided and when." *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384 (1978); *Brown v. Fifth Third Bank*, 730 F.3d 698, 700 (7th Cir. 2013) (internal quotations and citations omitted). The rule can be particularly helpful to clarify for pro se litigants like Hassebrock that a decision is final and appealable. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1021–22 (7th Cir. 2013); *see also United States v. Torres*, 282 F.3d 1241, 1243–44 (10th Cir. 2002) (applying Rule 58 to a *coram nobis* petition because of uncertainty over whether final judgment had been entered).

Moreover, though we have not decided whether Rule 58 applies in the analogous context of § 2255 proceedings, *see Lawuary v. United States*, 669 F.3d 864, 866 (7th Cir. 2012) (reserving question); *Craig*, 907 F.2d at 657 (analogizing procedural requirements for *coram nobis* petitions to § 2255 motions), we have suggested that it does. *See Morales v. Bezy*, 499 F.3d 668, 671 (7th Cir. 2007); *Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir. 1994). Many of our sister circuits have applied Rule 58 to § 2255 motions. *See Kingsbury v. United States*, 900 F.3d 1147, 1151 (9th Cir. 2018); *Jeffries v. United States*, 721 F.3d 1008, 1012–13 (8th Cir. 2013); *Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003); *United States v. Johnson*, 254 F.3d 279, 283 (D.C. Cir. 2001); *Sassoon v. United States*, 549 F.2d 983, 984 (5th Cir. 1977). *But see Williams v. United States*, 984 F.2d

28, 30 (2d Cir. 1993) (determining that a motion under § 2255 is not subject to Rule 58 because it "is a further step in the movant's criminal case and not a separate civil action").

The government contends that, even if Rule 58 applies, we lack jurisdiction over the underlying decision because Hassebrock waived his right to rely on that rule. The government points to a statement in Hassebrock's jurisdictional memorandum, in which he asked us to "[p]lease consider Rule 58 waived." But the context of that statement was language that Hassebrock quoted from the Tenth Circuit's decision in *Torres*, explaining that an appellant may "waive the Rule 58 violation and ask this court to consider his appeal timely." 282 F.3d at 1244. We construe Hassebrock's pro se submissions generously, *see Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017), and we understand him as waiving only the requirement that the district court enter judgment in a separate document, not the 150-day rule that renders his appeal timely. The separate-document requirement is not jurisdictional, *see Bankers Trust*, 435 U.S. at 384–85; *C.Y. Wholesale, Inc. v. Holcomb*, 965 F.3d 541, 545 (7th Cir. 2020), and it is not intended to act as a "trap" for inexperienced litigants. *Bankers Trust*, 435 U.S. at 386. We therefore reject the government's waiver argument and proceed to the merits.

Hassebrock argues that the district court erred by construing his filing as a § 2255 motion instead of a petition for a writ of *coram nobis*. The government appropriately concedes the error. "[C]*oram nobis* provides a way to collaterally attack a criminal conviction for a person … who is no longer 'in custody' and therefore cannot seek collateral relief under 28 U.S.C. § 2255." *Chaidez v. United States*, 568 U.S. 342, 345 n.1

(2013). Hassebrock meets this criterion because he no longer was in custody when he filed his petition.

Even so, he is not entitled to relief. The writ is available only in "extraordinary cases" when (1) there is an error so fundamental as to render the conviction invalid, (2) there are sound reasons for the petitioner's failure to seek relief earlier, and (3) the petitioner continues to suffer from his conviction. *Delhorno*, 915 F.3d at 452–53. Hassebrock's petition likely does not satisfy the first factor and certainly fails the second. He could have raised all his arguments either on direct appeal or in his previous § 2255 motion, and he offers no reason—let alone a "sound" one—for failing to do so. *Id.* at 455; *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007). Indeed, the primary argument he raises in his *coram nobis* petition—ineffective assistance of counsel—was raised and rejected in his § 2255 motion and may not be relitigated here. *See United States v. Keane*, 852 F.2d 199, 206 (7th Cir. 1988).

AFFIRMED